RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
JEAN WILLIAMS, Chief
LISA L. RUSSELL,  Assistant Chief
COURTNEY TAYLOR, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 353-7548
Facsimile: (202) 305-0275

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Oceana, Inc ) | |
| ) | Civ. No. 08-381 (ESH) |
| Plaintiff, ) | |
| vs. ) | |
| ) | **FEDERAL** |
| ) | **DEFENDANTS' ANSWER** |
| Carlos M. Gutierrez, et al., ) | **TO PLAINTIFF'S** |
| ) | **AMENDED AND** |
| ) | **SUPPLEMENTAL** |
| ) | **COMPLAINT** |
| Defendants. ) | |
| ) | |

COME NOW Carlos M. Gutierrez; National Oceanic and Atmospheric Administration ("NOAA"); and  National Marine Fisheries Service ("NMFS") (collectively, "Defendants"), and in answer to Plaintiff's Amended and Supplemental Complaint for Declaratory and Injunctive Relief, hereby admit, deny, and aver as follows:

## INTRODUCTION

1. The allegations in Paragraph 1 consist of a description of this action, to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in the first sentence of Paragraph 2 consist of a description of this action, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 2 purport to characterize the federal fisheries law, presumably the Magnuson-Stevens Act ("MSA"), a statute which speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, meaning and context of the statute. Defendants deny the allegations in the third sentence of Paragraph 2. Defendants deny the allegations in the fourth sentence of paragraph 2 because the word crucial is vague and ambiguous.

3. Defendants admit that on January 28, 2008, NMFS issued a Final Rule in 73 Fed. Reg. 4736, which speaks for itself. Any allegations inconsistent with the Final Rule's plain language, meaning and context are denied.

4. Defendants deny the allegations Paragraph 4.

5. The allegations in Paragraph 5 purport to characterize the contents of the Fisheries Service Handout dated April 15, 2008, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the document.

6. The allegations in the first sentence of Paragraph 6 purport to characterize the contents of the Northeast Region Standardized Bycatch Reporting Methodology Omnibus

      Amendment ("SBRM"), a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the document. Defendants deny the allegations in the second sentence of Paragraph 6.

7.    The allegations in the first 3 sentences of Paragraph 7 purport to characterize the contents of the Northeast Region Standardized Bycatch Reporting Methodology Omnibus Amendment ("SBRM"), a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the document. Defendants deny the allegations in the fourth sentence of Paragraph 7.

8.    Defendants deny the allegations in Paragraph 8.

9.    Defendants deny the allegations in Paragraph 9.

10.   The allegations in Paragraph 10 consist of conclusions of law to which no responses are required. To the extent that a response is required, the allegations in Paragraph 10 are denied.

11.   The allegations in Paragraph 11 consist of descriptions of this action, or are conclusions o of law, to which no responses are required. To the extent that a response is required, the allegations in Paragraph 11 are denied.

## JURISDICTION AND VENUE

12.   The allegations in Paragraph 12 consist of descriptions of this action, or are conclusions of law, to which no responses are required. To the extent that a response is required, the allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 consist of conclusions of law to which no responses are required, or, purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. To the extent that a response is required, the allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 consist of conclusions of law to which no responses are required, or, purport to characterize 28 U.S.C. § 1361, a statute that speaks for itself and constitutes the best evidence of its contents. To the extent that a response is required, the allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 consist of conclusions of law to which no responses are required, or, purport to characterize the Administrative Procedure Act ("APA"), a statute that speaks for itself and constitutes the best evidence of its contents. To the extent that a response is required, the allegations in Paragraph 15 are denied.

16. The allegations in Paragraph 16 consist of conclusions of law to which no responses are required. To the extent that a response is required, the allegations in Paragraph 16 are denied.

17. The allegations in Paragraph 17 consist of conclusions of law to which no responses are required. To the extent that a response is required, the allegations in Paragraph 17 are denied.

**THE PARTIES**

18. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis deny them.

19. Defendants lack information or knowledge sufficient to form a belief as to the truth of the

allegations in Paragraph 19 and on that basis deny them.

20. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis deny them.

21. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis deny them.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

### STATUTORY AND REGULATORY BACKGROUND

25. The allegations in Paragraph 25 purport to characterize the APA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

26. The allegations in Paragraph 26 purport to characterize the APA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

27. The allegations in Paragraph 27 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

28. The allegations in the first sentence of Paragraph 28 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute. With respect to the second sentence of Paragraph 28, Defendants admit that two

of the regional councils, the New England Fishery Management Council and the Mid-Atlantic Fishery Management Council, have jurisdiction over the thirteen federal fishery management plans amended by the SBRM.  Defendants deny any remaining allegations in Paragraph 28.

29.  The allegations in Paragraph 29 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

30.  The allegations in Paragraph 30 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

31.  The allegations in Paragraph 31 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

32.  The allegations in Paragraph 32 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

33.  The allegations in Paragraph 33 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

34.  The allegations in Paragraph 34 purport to characterize an excerpt from the Congressional Record, an excerpt that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language,

meaning or context of the statement.

35. The allegations in Paragraph 35 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.

36. With respect to the first sentence of Paragraph 36, Defendants admit that they prepared guidelines pursuant to 16 U.S.C. § 1851(b). To the extent that the first sentence purports to characterize a statement of the contents of such guidelines, the guidelines that speak for themselves and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines document. Defendants admit the second sentence of Paragraph 36.

37. The allegations in Paragraph 37 purport to characterize guidelines specified at 50 C.F.R. § 600.350(2)(b), guidelines that speak for themselves and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

38. The allegations in Paragraph 38 purport to characterize guidelines specified at 50 C.F.R. § 600.350(d), guidelines that speak for themselves, and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

39. The allegations in Paragraph 39 purport to characterize the National Environmental Policy Act ("NEPA"), a statute that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute.


40. The allegations in Paragraph 40 purport to characterize Council on Environmental Quality ("CEQ") and NOAA guidelines regarding NEPA, guidelines that speak for themselves, and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

41. The allegations in Paragraph 41 purport to characterize Council on Environmental Quality ("CEQ") and NOAA guidelines regarding NEPA, guidelines that speak for themselves, and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

42. The allegations in Paragraph 42 purport to characterize CEQ guidelines regarding NEPA, guidelines that speak for themselves, and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

43. The allegations in Paragraph 43 purport to characterize CEQ guidelines regarding NEPA, guidelines that speak for themselves, and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

44. The allegations in Paragraph 44 purport to characterize CEQ guidelines regarding NEPA, guidelines that speak for themselves, and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

45. The allegations in Paragraph 45 purport to characterize CEQ guidelines regarding NEPA, guidelines that speak for themselves, and constitute the best evidence of their contents.

  Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

46.  The allegations in Paragraph 46 purport to characterize NOAA guidelines regarding NEPA, guidelines that speak for themselves, and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the guidelines.

## FACTUAL AND PROCEDURAL BACKGROUND

47.  The allegations in Paragraph 47 purport to characterize *Conservation Law Foundation v. Evans,* 209 F. Supp 2d (D.D.C. 2001), a court decision that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the court decision.

48.  The allegations in Paragraph 48 purport to characterize *Conservation Law Foundation v. Evans,* 20005 WL 555416 (D.D.C. March 9, 2005), a court decision that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the court decision.

49.  The allegations in Paragraph 49 purport to characterize *Conservation Law Foundation v. Evans,* 20005 WL 555416, a court decision that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the court decision.

50.  The allegations in Paragraph 50 purport to characterize *Oceana v. Evans,* 384 F. Supp 2d 203 (D.D.C. 2005), a court decision that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain

language, meaning or context of the court decision.

51. The allegations in Paragraph 51 purport to characterize *Oceana v. Evans,* 384 F. Supp 2d 203 (D.D.C. 2005), a court decision that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the court decision.

52. The allegations in Paragraph 52 purport to characterize *Oceana v. Evans,* 384 F. Supp 2d 203 (D.D.C. 2005), a court decision that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the court decision.

53. The allegations in Paragraph 53 purport to characterize *Oceana v. Evans,* 384 F. Supp 2d 203 (D.D.C. 2005), a court decision that speaks for itself, and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the court decision.

54. Defendants deny the allegations in Paragraph 54 and aver that NMFS, through the SBRM, established a comprehensive standardized bycatch reporting methodology for the thirteen northeast fishery management plans, including the Northeast Multispecies Fishery Management Plan and the Atlantic Sea Scallop Fishery Management Plan.

55. The allegations in Paragraph 55 purport to characterize Oceana's comments, documents that speak for themselves and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the comments.

56. The allegations in Paragraph 56 purport to characterize the contents of the SBRM, a

      document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

57. The allegations in Paragraph 57 purport to characterize the contents of the SBRM, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

58. The allegations in Paragraph 58 purport to characterize the contents of the SBRM, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

59. The allegations in Paragraph 59 purport to characterize the final rule implementing the SBRM, a rule that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the rule.

60. The allegations in Paragraph 60 purport to characterize the final rule implementing the SBRM, a rule that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the rule.

61. The allegations in Paragraph 61 purport to characterize the final rule implementing the SBRM, a rule that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context

of the rule.

62. The allegations in Paragraph 62 purport to characterize the final rule implementing the SBRM, a rule that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the rule.

63. The allegations in Paragraph 63 purport to characterize the final rule implementing the SBRM, a rule that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the rule.

64. The allegations in Paragraph 64 purport to characterize the MSA and the final rule implementing the SBRM, which speak for themselves and constitute the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the MSA and the rule.

65. The allegations in Paragraph 65 purport to characterize the contents of an independent scientific review of the SBRM, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any characterization of the contents of the document inconsistent with its plain language, meaning or context.

66. Defendants deny the allegations in Paragraph 66.

67. The allegations in Paragraph 67 purport to characterize the Finding of No Signicant Impact ("FONSI") for the SBRM, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the FONSI.

68. Defendants admit the allegations in Paragraph 68.

69. The allegations in Paragraph 69 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

70. The allegations in Paragraph 70 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

71. The allegations in Paragraph 71 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

72. The allegations in Paragraph 72 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

73. The allegations in Paragraph 73 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

74. The allegations in Paragraph 74 purport to characterize the prioritization process for 2008

observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

75. The allegations in Paragraph 75 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

76. The allegations in Paragraph 76 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

77. The allegations in Paragraph 77 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

78. The allegations in Paragraph 78 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

79. The allegations in Paragraph 79 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language,

meaning or context of the document.

80. The allegations in Paragraph 80 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

81. The allegations in Paragraph 81 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

82. The allegations in Paragraph 82 purport to characterize the prioritization process for 2008 observer coverage, a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the document.

## FIRST CLAIM FOR RELIEF

83. Defendants incorporate by reference their responses to all preceding paragraphs.

84. The allegations in Paragraph 84 purport to characterize the MSA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the statute.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

## SECOND CLAIM FOR RELIEF

90.     Defendants incorporate by reference their responses to all preceding paragraphs.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

## THIRD CLAIM FOR RELIEF

94.     Defendants incorporate by reference their responses to all preceding paragraphs.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

## RELIEF REQUESTED

The remainder of the Complaint constitutes Plaintiff's Request for Relief, to which no response is required.  To the extent a further response may be required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied.

## DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. The court lacks jurisdiction over some or all of Plaintiff's claims.

Dated this 30th day of May, 2008.

                Respectfully submitted,

                RONALD J. TENPAS
                Assistant Attorney General
                JEAN WILLIAMS, Chief

                *S/ Courtney Taylor*
                _____
                COURTNEY TAYLOR, Trial Attorney
                U.S. Department of Justice
                Environment & Natural Resources Division
                Wildlife & Marine Resources Section
                Ben Franklin Station, P.O. Box 7369
                Washington, D.C. 20044-7369
                Telephone: (202) 353-7548
                Facsimile: (202) 305-0275
                courtney.taylor@usdoj.gov

                Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2008 an electronic copy of the Defendants' Answer was filed electronically by ECF on the following:

Eric Bilsky
ericbilskyfiling@oceana.org

*S/ Courtney Taylor*

COURTNEY TAYLOR