UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
OCEANA, INC.,                              )
                    Plaintiff,             )
          v.                               )          Civil Action No. 08-00318 (ESH/AK)
CARLOS GUITTEREZ, *et al.,*                )
                    Defendants.            )
_____)

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Compel Completion of the Record

("Motion") [17]; Federal Defendants' opposition to the Motion ("Opposition") [18] and the

Plaintiff's reply to the Opposition ("Reply") [19].  This Court held a hearing on the Motion on

February 23, 2009. Upon consideration of the Motion, the memoranda in support thereof, the

Opposition thereto and the record in this case, for the reasons set forth below, Plaintiff's Motion

is denied.  An appropriate order accompanies this Memorandum Opinion.

## I. Background

The underlying case involves "a rule implementing approved management measures

contained in the Standardized Bycatch Reporting Methodology ("SBRM") Omnibus Amendment

to the fishery management plans for the Northeast Region, as required by the Magnuson-Stevens

Fishery Conservation and Management Act ("Magnuson-Stevens Act"), 16 US.C. §§1801-1833."

(Opposition at 2.)

> The measures include: Bycatch reporting and monitoring mechanisms; analytical
> techniques and allocation of at-sea fisheries observers; an SBRM performance standard; a
> review and reporting process; framework adjustment and annual specification
> provisions; a prioritization process; and provisions for industry-funded observers and
> observer set-aside programs.

73 Fed. Reg. 4,736 (Jan. 28, 2008); Administrative Record 003952.[1]

In adopting this rule, "the National Marine Fisheries Service ("NMFS" or the "Agency")

undertook a decisionmaking and rulemaking process prescribed by the Magnuson-Stevens Act

and the Administrative Procedures Act ("APA")."  (Opposition at 2.)  According to the Federal

Defendants,

> [T]he administrative record directly or indirectly considered by the NMFS decisionmaker included all documents provided to the New England and Mid-Atlantic Councils and the public regarding the SBRM Omnibus Amendment, public comments, peer reviews, and internal agency documents such as decision memoranda and briefing documents that were considered or that reflect the final decision on the approval and interpretation of the Amendment.

(*Id.*)

Plaintiff Oceana,"a nonprofit international advocacy organization dedicated to protecting

and restoring the world's oceans" (Amended Complaint [13] ¶18) seeks judicial review of the

Agency determination and requests declaratory and injunctive relief.  The Administrative Record

was filed with this Court on May 30, 2008 (*see* [15]) and the Federal Defendants subsequently

agreed to add some documents to the Administrative Record, pursuant to the  Plaintiff's request.

Plaintiff now moves this Court to compel the inclusion in the Record of "two classes of

documents: (1) documents for which the agency has claimed the deliberative-process privilege

and (2) documents for which the agency has claimed the attorney-client and attorney-work-

product privilege." (Motion at 4.)  A discussion relating to the inclusion of deliberative

documents is contained below.  The documents for which the Federal Defendants assert attorney-

---

[1]At the hearing, counsel for the Federal Defendants represented that the decision of the National Marine Fisheries Service was approved on October 22, 2007, but the final rule was not published in the Federal Register until January 2008.

client privilege or work product protection have been reviewed by this Court *in camera* and

privilege determinations are also set forth below.

## II. Legal Standard

The appropriate standard for review of final agency decisions under the Magnuson-

Stevens Act is contained in the Administrative Procedures Act, 5 U.S.C. §706.  NMFS's final

decision must be upheld unless it is found to be "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law." 5 U.S.C.§706(2)(A).  The court's "only task is to

determine whether the [agency] has considered the relevant factors and articulated a rational

connection between the facts found and the choice made." *Baltimore Gas & Elec. Co. v. Natural

Res. Def. Council*, 462 U.S. 87, 105 (1983).

Section 706 directs a court reviewing an agency decision to "review 'the whole record or

those parts of it cited by a party.'" *American Wildlands v. Kempthorne*, 530 F.3d 991, 1002

(D.C. Cir. 2008) (quoting 5 U.S.C. §706); *Pacific Shores Subdivision, California Water District

v. United States Army Corps of Engineers*, 448 F.Supp.2d 1, 4 (D.D.C. 2006).  Review of the

"whole record" under this Section "is to be based on the full administrative record that was

before the [agency decisionmakers] at the time [they] made [their] decision." *Citizens to

Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).  The "whole record" has been

interpreted to include documents and materials directly and indirectly considered by the agency.

*Pacific Shores*, 448 F.Supp.2d at 4.

The "focal point for judicial review [of agency action] should be the administrative record

already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*,

411 U.S. 138, 142 (1973).  "The reviewing court is not generally empowered to conduct a *de*

*novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  Rather, the court is charged with "apply[ing] the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." *Safe Extensions, Inc. v. FAA*, 509 F.3d 593, 599 (D.C. Cir. 2007).

An agency's administrative record is presumed to be properly designated. *See Sara Lee Corp. v. American Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008) (citing *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 751 F.2d 1287, 1329 (D.C. Cir. 1984)). Plaintiff bears the burden of "identify[ing] reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the [administrative] record." *Pacific Shores*, 448 F. Supp.2d at 6.

Motions to supplement administrative records are only granted in exceptional cases. *Fund for Animals v. Williams,* 391 F.Supp.2d 191, 197 (D.D.C. 2005).  Supplementation of the administrative record is not allowed unless the moving party demonstrates "unusual circumstances" justifying a departure from the rule that judicial review is based on a review of the agency's record.  *Am. Wildlands*, 530 F.3d at 1002 (quoting *Tex. Rural Legal Aid, Inc. v. Legal Services Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991)). This Circuit has recognized such "unusual circumstances" in three instances: 1) where the agency "deliberately or negligently excluded documents" that may have been adverse to its decision; 2) where the district court "needed to supplement the record with background information" to determine whether the agency considered all relevant factors; or 3) where the agency has "frustrate[d] judicial review" by failing to explain its decision.  *Am. Wildlands*, *id.* (citations and internal quotation marks

omitted.)

### III. Analysis

As a preliminary matter, Plaintiff in the instant case contends that the "[administrative] record is practically devoid of factual analysis or debate, consisting largely of final decision documents without any evidence of how they were developed or whether they rely on valid scientific determinations." (Motion at 2.) Federal Defendants rebut this statement by directing the Court's attention to the Administrative Record consisting of "over 160 documents, and thousands of pages, which includes at its heart the SBRM Omnibus Amendment itself." (Opposition at 10, *see* Administrative Record [15].)[2]

Notably, Plaintiff does not cite any specific inadequacies or inconsistencies in the Record; instead, the Plaintiff asserts that there are twenty-seven categories of documents, which should be included in the Administrative Record. (*See* Chart attached as Motion, Exh.1.) Plaintiff's Chart, which identifies the twenty-seven categories of documents, includes nine documents that were received through a Freedom of Information Act ("FOIA") request plus eighteen categories of "supporting document[s]" such as "drafts" or "staff analyses," which it claims led to the creation of documents included in the Administrative Record, or which were referenced in such documents. Additionally, Plaintiff challenges the claim of attorney-client privilege and work product asserted by the Federal Defendants in connection with four withheld documents.

### A. Deliberative Process Documents

Plaintiff first argues that by designating certain documents as predecisional and

---

[2]According to the Federal Defendants, the Omnibus Amendment alone "consists of over 600 pages of detailed factual analyses, explanations, data summaries, discussion of alternatives, and justifications for the action." (Opposition at 10.)

deliberative,  "the Fisheries Service also conceded that those records were considered by the

agency in the course of the Standardized Bycatch Reporting Methodology ("SBRM") rulemaking

that is the subject of this case."  (Reply at 1.)[3]  Plaintiff's argument is unavailing because

Plaintiff has not presented any evidence that the documents were part of the decisionmaking or

deliberating process.  To the contrary, by designating the documents or records as predecisional

and deliberative, the Agency was asserting that those documents were not part of its

decisionmaking process and should not be made part of the Administrative Record.

        The Federal Defendants assert that the Administrative Record in this case "consists of the

documents considered directly or indirectly by the [A]gency decisionmaker, and NMFS included

all such documents in its administrative record, regardless of whether they were contrary to or in

support of the final [A]gency decision [but] NMFS did not include deliberative documents, in

keeping with well-established precedent."  (Opposition at 1.)  *See also* Opposition, Exh. 2,

Declaration of Patricia A. Kurkul, Regional Administrator, Northeast Region, NMFS, ¶5, (stating

that the "administrative record includes all documents directly or indirectly considered in the

decision to approve the SBRM Omnibus Amendment[.]"  Ms. Kurkul's Declaration indicates

that "[d]ocuments were included in the record regardless of whether they support or are contrary

---

        [3]Predecisional means "prepared in order to assist an agency decisionmaker in arriving at his
decision." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 39 (D.C. Cir. 2002) (citations
omitted.)  Deliberative means that the document "reflects the give-and-take of the consultative
process." *Id.*  A deliberative document is one that is: "(1) antecedent to the adoption of an agency
policy and (2) a direct part of the deliberative process in that it makes recommendations or expresses
opinions on legal or policy matters." *Trans Union LLC v. Federal Trade Comm'n*, 141 F.Supp.2d
62, 69 (D.D.C. 2001) (internal quotation marks and citation omitted.)  *See also Department of the
Interior v. Klamath Water Users Protective Ass'n*, 532  U.S. 1, 8 (2001) ("deliberative process
covers documents reflecting advisory opinions, recommendations and deliberations comprising part
of a process by which governmental decisions and policies are formulated") (internal quotation
marks and citation omitted).

to the [A]gency's action." (*Id.*)

Ms. Kurkul's Declaration further states that "[t]he record does not include any pre-decisional, deliberative documents or documents that were not directly or indirectly considered in the process to approve and implement the SBRM Omnibus Amendment." (*Id.* ¶6.) Ms. Kurkul's Declaration explains that "[s]uch excluded documents include emails, telephone logs, personal notes, working drafts of documents, raw data, preliminary analyses by the Northeast Regional Office or the Northeast Science Center and all documents that reflect internal staff deliberations or policy discussion." (*Id.*) Plaintiff's bootstrap argument that documents designated by the Agency to be predecisional and deliberative were thus conceded to have been considered by the Agency does not rebut the information provided by Ms. Kurkul that the Administrative Record includes all documents directly and indirectly considered by the Agency in rendering its decision and appropriately excludes predecisional and deliberative documents.

Plaintiff next argues that "[t]he agency has failed to provide any justification for its claims of deliberative process privilege or to overcome Oceana's showing that the relevant documents are not deliberative and therefore are not privileged." (Reply at 1.) Plaintiff's argument mischaracterizes the burden of proof. The Agency decision and the Administrative Record are clothed with a presumption of regularity until proven otherwise by the Plaintiff. Plaintiff bears the burden to "rebut[] the presumption of administrative regularity" by "show[ing] that the documents to be included were before the agency decisionmaker." *Pacific Shores Subdiv., Cal. Water Dist. v. US Army Corps of Eng'rs*, 448 F. Supp. 2d at 6. Plaintiff suggests that because the Federal Defendants have "argu[ed] that certain documents are 'predecisional,' and 'deliberative,' the Fisheries Service has [thus] conceded that these documents were 'before

the agency decisionmaker" and they should be included in the administrative record." (Reply at 4- 5.)[4] Accordingly, Plaintiff concludes that "[t]he only remaining issue is whether the [A]gency's assertion of the deliberative process privilege is justified." (Reply at 5.)  At the hearing on this Motion, Plaintiff repeatedly asserted that documents representing factual and scientific analysis are not deliberative in nature and therefore must be included as part of the Administrative Record.  Plaintiff provides no support for its sweeping contention that documents that are solely factual and/or scientific cannot be predecisional and deliberative or within the context of the give and take of decisionmaking.

The Federal Defendants assert that deliberative documents are not part of the Administrative Record and cannot be considered by the court on judicial review.[5]  *See Checkosky v. Securities and Exchange Comm'n*, 23 F.3d 452, 489 (D.C. Cir. 1994); *see also In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279 (D.C. Cir. 1998) (agency deliberations not part of record are immaterial because subjective motivation of agency decisionmakers is immaterial unless there is some showing of bad faith or improper behavior.)   Federal Defendants also assert that  "[o]nly if the agency documents introduce

---

[4]Plaintiff attempts to support its contention that deliberative documents must be included in the Administrative Record by relying upon two internal Department of Justice memoranda (Motion at 2-3) but Plaintiff's reliance is misplaced.  According to the Federal Defendants, those memoranda, which  were prepared several years ago to provide general guidance to government litigators and client agencies on compilation of administrative records, "do not represent a formal policy of the Department of Justice and are not official directives of the Environment and Natural Resources Division ("ENRD")." (Opposition at 14-15.)   The Federal Defendants attach a copy of the Memorandum of Ronald Tenpas (Dec. 2008) articulating the position of the DOJ and ENRD that deliberative documents are not properly part of an administrative record. (Opposition at 15, *see* Exh. 1.)

[5]The Federal Defendants thus contend that excluding deliberative documents from the Administrative Record does not necessitate the preparation of a privilege log.

'factual information not otherwise in the record,' *National Courier Ass'n v. Bd. of Governors*, 516 F.2d 1229, 1242 (D.C. Cir. 1975), and do not reveal the mental process of decisionmakers, *San Luis Obispo Mothers for Peace*, 789 F.2d at 45, do those portions of otherwise deliberative documents need to be included in the administrative record."  (Opposition at 6.)  The Federal Defendants claim that many of the documents categorized by the Plaintiff reflect the Agency's earlier position or thought processes on a particular issue and therefore, such documents are pre-decisional and deliberative, whether or not the information contained therein is factual.

Judicial review of a decision by an administrative agency should be based on the reasons given by the agency for the decision and the information considered by the agency in reaching that decision, not on the agency's internal decisionmaking process. *Motor Vehicle Mfrs. Assoc v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43(1983); *PLMRS Narrowband Corp. v. FCC*, 182 F.3d 995, 1001 (D.C. Cir. 1999).  Documents that reflect the deliberative process are accordingly not part of the record on review.  *See Deukmejian v. U.S. Nuclear Regulatory Comm'n*, 751 F.2d 1287, 1324-29 (D.C. Cir. 1984) *rev'd on other grounds*, *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*, 760 F.2d 1320 (D.C. Cir. 1985), *aff'd on rehearing en banc*; 789 F.2d 26 (D.C. Cir. 1986) (predecisional transcripts and related documents are not part of the administrative record); *Blue Ocean Inst. v. Guiterrez*, 503 F. Supp. 2d 366, 372 (D.D.C. 2007) (where the court found that the agency is not required to produce a privilege log for deliberative documents absent a "clear command from the court of appeals, particularly in light of the unequivocal statement by that court that such materials are not a part of the administrative record

when an agency decision is challenged as arbitrary and capricious.")[6] *See, e.g., Norris &*
*Hirshberg, Inc. v. SEC,* 163 F.2d 689, 693 (D.C. Cir. 1947), *cert. denied*, 333 U.S. 867 (1948)
("[I]nternal memoranda made during the decisional process . . . are never included in a record.");
*Ad Hoc Metals Coal. v. Whitman*, 227 F.Supp.2d 134 (D.D.C. 2002) (where the court refused to
include internal agency e-mails in the administrative record.)

Furthermore, Federal Defendants argue that the information found in many of the
documents that Plaintiff seeks to include in the Record is also reflected in other documents that
are part of the Administrative Record. *See Ad Hoc Metals*, 227 F.Supp.2d at 142 ("Where an
agency has considered an issue and included relevant material on the record, supplementation
with similar or identical documents is not always required.")(citation omitted.) At the hearing on
this Motion, Federal Defendants offered to cross-reference the documents on Plaintiff's chart
with the documents that are in the Administrative Record.[7]

Plaintiff fails to rebut the Federal Defendants' argument that deliberative documents are
not made part of an administrative record or to proffer any support for its contention that
documents that are factual or scientific in nature may not be deliberative.  Furthermore, the Court
finds that Plaintiff has not met its burden of overcoming the presumption that the Record filed by
the Agency is complete; however, as a courtesy to Plaintiff, the Federal Defendants should

---

[6]In its Reply, Plaintiff does attempt to factually distinguish some of the cases cited by the
Federal Defendants regarding inclusion of deliberative documents in an administrative record but
the weight of authority suggests that deliberative documents are not part of an administrative record.

[7]More specifically, counsel for the Federal Defendants stated that some categories of
documents reflected on Plaintiff's "chart" are identical to documents already in the record and some
are reflective of documents in the record.

provide Plaintiff with a copy of the cross-referencing mentioned during the hearing on the

Motion.

## B. **FOIA Documents**

Plaintiff asserts that certain documents [listed on Plaintiff's chart] that were produced

pursuant to a FOIA request must be included in the Administrative Record because any

deliberative process privilege has been waived when such documents were disclosed pursuant to

the FOIA request.  In its Reply at 11, Plaintiff alleges that the FOIA request "was explicitly

limited to documents in the record of the SBRM rulemaking" and reiterates its argument that all

such documents should be produced because they were "conceded by the [A]gency to be part of

the record when it produced them pursuant to the FOIA request, and . . . that production waived

the deliberative process privilege, . . . . "

The Federal Defendants rebut this assertion on grounds that it "prematurely presumes that

Federal Defendants have asserted the deliberative process privilege over these documents, when

Federal Defendants actually did not consider the documents part of the record at all." (Opposition

at 16.)  Federal Defendants further contend that even if the deliberative process privilege had

been asserted and waived, the NMFS need not necessarily include such documents in the

Administrative Record because "[w]hat an agency produces in response to a FOIA request

depends on how the request is worded, but can be much broader than what comprises the

administrative record."  (Opposition at 16); *see Tomac v.* Norton, 193 F. Supp.2d 182, 195

(D.D.C. 2002) (explaining that FOIA's emphasis is on finding "every scrap of paper that could or

might have been created"); *cf. Fund for Animals*, 245 F. Supp.2d at 57 n.7 (holding that a

definition of a record that would "encompass any potentially relevant document existing within

the agency or within the hands of a third party would render judicial review meaningless.")

A review of correspondence connected with the FOIA request indicates that the request asked for "documents related to the proposed Northeast Region Standardized Bycatch Reporting Methodology Omnibus Amendment, RIN 0648-AV70, and related proposed regulations, Docket No. 070627217-7218-01, RIN 0648-AV70."  (Reply, Exh. 13, FOIA Request.)  The Court notes that the set of documents responsive to the FOIA request is conceivably broader than the set of documents considered by the Agency and made a part of its Administrative Record.  Plaintiff has failed to demonstrate that any of these documents produced in connection with the FOIA request should have been included within the Administrative Record and thus, the Court finds no reason to supplement the Record with these documents.[8]

### C. Attorney-Client Privilege and Work Product Protection

The purpose of the attorney-client privilege is to shield from disclosure "confidential communications made between clients and their attorneys when the communications are for the purpose of securing legal advice or services."  *In Re Lindsey*, 158 F.3d 1263, 1267 (D.C. Cir. 1998) (citation omitted). The purpose of the attorney-client privilege is to "assure that a client's confidences to his or her attorney will be protected, and therefore encourages clients to be as open and honest as possible with attorneys."  *Coastal States Gas v. Dept. of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980.) The privilege extends to an attorney's written communications to the client to ensure against inadvertent disclosure of such confidential information.  *Id.*

The privilege applies only if:

---

[8]At the hearing on the Motion, the Court asked Plaintiff's counsel  if he could identify any specific document that the Agency should have included in the Record but counsel did not do so, instead, taking a broad approach and demanding all technical or factual documents.

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984) (citing *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950)).   The party asserting the privilege bears the burden of demonstrating with sufficient certainty that the elements exist.   *Attorney General v. Covington & Burling*, 430 F. Supp. 1117 (D.D.C. 1977). The attorney-client privilege applies equally to attorney-client relationships within the government, in which the agency is the client and the government attorney is counsel.  *Electronic Privacy Info. Ctr. v. Department of Justice*, 584 F. Supp. 2d 65, 78-79 (D.D.C.  2008).

According to the Federal Defendants, for each of the four documents, the Agency gave its attorney "confidential information for the purpose of obtaining an opinion of law." (Opposition at 19, *see* Kurkul Declaration ¶8-9; *see also In re Sealed Case*, 737 F.2d at 99.)  Plaintiff asserts that the documents at issue are "objective certifications of legal sufficiency required by the Operational Guidelines at various stages of the rulemaking process" and they therefore do not provide "counseling" concerning confidential information.  (Motion at 14.)  Plaintiff relies on *Coastal States*, 617 F.2d at 863, for the proposition that, "[t]here is a difference, however, between '"counseling" intended to assist the agency in protecting its interests' and 'neutral, objective analyses of agency regulations.'" (Motion at 13.)

The Federal Defendants distinguish *Coastal States* insofar as the court in that case found the agency improperly withheld documents on the basis of the attorney-client privilege because

there was no confidential information conveyed by the agency for the purpose of seeking legal advice; rather, the agency was communicating information received in the course of auditing third-party companies.  In the instant case, NMFS "provided its own confidential information to its Agency counsel for the purpose of seeking his legal advice on the legal sufficiency of the Agency's proposed course of action."  (Opposition at 20.)

This Court has reviewed the four documents that were withheld on grounds of attorney-client privilege and determined that they do meet the standard for attorney-client privilege because they involve confidential communications for the purpose of securing legal advice.[9]

## D. Conclusion

This Court finds the "completion" of the Record requested by Plaintiff is unwarranted because there is a presumption that administrative records are complete and in the instant case, Plaintiff has failed to demonstrate any of the "unusual circumstances" required to justify supplementation of the Administrative Record.  Furthermore, the Kurkul Declaration and the case law cited by the Federal Defendants support the argument that predecisional and deliberative documents are not part of an administrative record.  *See, e.g., Blue Ocean*, 503 F. Supp. 2d 366. In contrast, Plaintiff relies upon its contention that there are certain specified documents, disclosed pursuant to a FOIA request, which should therefore be made part of the Record because of such disclosure.  Plaintiff further contends that there are other non-specified categories of documents that, by their very nature, must be relevant to the Administrative Record and should be made a part thereof because they have been characterized as predecisional and deliberative

---

[9]Federal Defendants also assert work product protection but the Court need not reach the work product status of the withheld documents in light of the Court's finding the documents were properly withheld on grounds of attorney-client privilege.

and thus, they had to have been considered by the Agency.  Plaintiff, however, fails to proffer

reasonable, non-speculative grounds for its opinions.  This Court must therefore conclude that

material not included in the Administrative Record by the Agency was not considered by the

Agency decisionmakers on grounds that it was not regarded as relevant to the decision rendered,

or it was predecisional and deliberate.

Regarding the four documents that are withheld as attorney-client privileged, the Court

finds that such privilege is applicable to those four documents and thus the Federal Defendants

may continue to withhold  these documents.

In the final analysis, the Federal Defendants contend that the Administrative Record as

submitted to the Court sustains its decision.  The burden of proof is on the Plaintiff to

demonstrate that the Agency's decision is not supported by the Administrative Record.


Dated: May 28, 2009                    _____/s/_____
                                       ALAN KAY
                                       UNITED STATES MAGISTRATE JUDGE