UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OCEANA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-318 (ESH) |
| | ) | |
| GARY F. LOCKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oceana, Inc. ("Oceana") has filed objections to the May 28, 2009 Order of Magistrate Judge Alan Kay ("the Order") [Dkt. No. 22] denying Oceana's Motion to Compel Completion of the Record ("Mot. to Compel") [Dkt. No. 17]. For the reasons set forth below, the Court rejects plaintiff's objections and affirms the decision of the magistrate judge.

As part of Oceana's challenge to a rule promulgated by the National Marine Fisheries Service ("the Agency") to implement a methodology for reporting bycatch, Oceana has moved to compel the inclusion of two categories of documents in the administrative record: (1) those designated by the Agency as "predecisional and deliberative" and (2) four documents authored by the Agency's attorney that have been withheld on the grounds of the attorney-client privilege. *See Oceana, Inc. v. Guitterez*, No. 08-CV-318, 2009 WL 1491516, at *1, *7-*8 (D.D.C. May 28, 2009). The magistrate judge denied Oceana's motion as to the predecisional and deliberative documents because they are not part of an administrative record as a matter of law, and since plaintiff did not show that the Agency decisionmakers considered these documents during the rulemaking process, it thereby failed to rebut the presumption that the record filed by the Agency

1

was complete and properly designated. *See id.* at *7. The magistrate judge also denied the motion as to the four documents after reviewing them *in camera* and finding that they were privileged because "they involve confidential communications for the purpose of securing legal advice." *Id.* at *7.

**I.      STANDARD OF REVIEW**

"Pursuant to Local Civil Rule 72.2(c), 'a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law.'" *Klayman v. Judicial Watch, Inc.*, No. 06-CV-670, 2009 WL 1797857, at *7 (D.D.C. June 25, 2009) (quoting Local Civ. R. 72.2(c)); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "A court should make such a finding when 'on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed.'" *Klayman*, 2009 WL 1797857, at *7 (quoting *Neuder v. Battelle Pac. Nw. Nat'l Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000)).

**II.     THE PREDECISIONAL AND DELIBERATIVE DOCUMENTS**

Oceana objects to the decision regarding the predecisional and deliberative documents as contrary to law, arguing instead that such documents may only be withheld from the administrative record if the Agency asserts the deliberative process privilege and files a privilege log. (*See* Pl.'s Objections to the May 28, 2009, Order of the Magistrate Judge ("Obj.") [Dkt. No. 25] at 7-12.) Plaintiff is incorrect. While it is true that the government may assert the deliberative process privilege in order to withhold documents that a plaintiff seeks through discovery or through a Freedom of Information Act ("FOIA") request, *see, e.g.*, *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000) (discussing requirements for invoking

2

deliberative process privilege as part of administrative pre-trial discovery), the present dispute does not involve document requests. Rather, Oceana seeks judicial review of the Agency's decision pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, which "'is to be based on the full administrative record that was before the [agency decisionmakers] at the time [they] made [their] decision.'" *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). "In other words, the administrative record should not include materials that were not considered by agency decisionmakers." *Id.* (internal quotation marks omitted).[1] The law is clear: predecisional and deliberative documents "are not part of the administrative record to begin with," so they "do not need to be logged as withheld from the administrative record." *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*, No. 07-CV-2017, 2009 WL 1767085, at *3 (D.D.C. June 23, 2009).

As Chief Judge Lamberth has recently explained,

> [d]eliberative documents are excluded from the record because, when a party challenges agency action as arbitrary and capricious, the reasonableness of the agency's action "is judged in accordance with its stated reasons." *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279, 1279

---

[1] In opposing Oceana's motion to compel, the Agency submitted the declaration of Patricia Kurkul, Northeast Regional Administrator of the National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Department of Commerce. (*See* Defs.' Opp'n to Mot. to Compel [Dkt. No. 18], Decl. of Patricia A. Kurkul ("Kurkul Decl.") ¶ 1.) Kurkul ultimately "made the recommendation," with which the Agency's Assistant Administrator concurred, to approve the bycatch rule "based on the administrative record compiled for this litigation." (Kurkul Decl. ¶ 4.) She further attested that the administrative record "includes all documents directly or indirectly considered in the decision to approve the [rule in question], except for documents withheld based on attorney-client/attorney work product privileges. This record includes all documents provided to the New England and Mid-Atlantic Councils and the public regarding the SBRM Omnibus Amendment, public comments, peer reviews and internal agency documents such as decision memoranda and briefing documents that were considered or that reflect the final decision on the approval and implementation of the Amendment. Documents were included in the record regardless of whether they support or are contrary to the agency's action." (*Id.* ¶ 5.)

> (D.C. Cir. 1998). "[T]he actual subjective motivation of agency decisionmakers is immaterial as a matter of law – unless there is a showing of bad faith or improper behavior." *Id.* As pre-decisional, deliberative documents are immaterial to the court's decision, they are not designated part of the administrative record that forms the basis of the court's decision.
>
> Since deliberative documents are not part of the administrative record, an agency that withholds these privileged documents is not required to produce a privilege log to describe the documents that have been withheld. . . . Defendants need not, therefore, file a privilege log pertaining to the withheld documents.

*Id.* at *3 (internal citations and quotation marks omitted); *cf. In re Subpoena Duces Tecum*, 156 F.3d at 1279 ("Agency deliberations not part of the record are deemed immaterial."). *See, e.g.*, Order at 2-3, *Greater Yellowstone Coal. v. Kempthorne*, No. 07-CV-2111 (D.D.C. May 23, 2008) (Sullivan, J.) (Dkt. No. 54) (denying motion to compel privilege log of unproduced deliberative materials because "[a]ny evidence of the [agency's] internal deliberative work is irrelevant" and plaintiffs did not show that administrative record was incomplete); *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 372-73 (D.D.C. 2007) (Facciola, M.J.) (denying motion to compel completion of administrative record, finding that deliberative documents "are not a part of the administrative record when an agency decision is challenged as arbitrary and capricious," and rejecting plaintiff's argument that agency must assert deliberative process privilege); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 796-97 (E.D. Va. 2008) (denying objection to magistrate judge's denial of motion to complete administrative record with deliberative documents, because such documents "are immaterial as a matter of law and need not be included in the administrative record" and plaintiff did not show that record was incomplete); *see also Norris & Hirshberg, Inc. v. SEC*, 163 F.2d 689, 693 (D.C. Cir. 1947) ("[I]nternal memoranda made during the decisional process [] are never included in a record."); *General Elec. Co. v. Jackson*, 595 F. Supp. 2d 8, 18 (D.D.C. 2009) (Bates, J.) (rejecting argument that agency's "practice of excluding irrelevant and pre-decisional deliberative documents from the

4

administrative record results in a skewed record," because "irrelevant documents *should* be excluded from the record," and "an agency generally may exclude material that reflects internal deliberations" (internal quotation marks omitted)).  The Court therefore rejects plaintiff's dual arguments that the predecisional and deliberative documents must be placed in the administrative record and that the Agency must prepare a privilege log that lists those documents that are not included in the record.[2]

The Agency "enjoys a presumption that it properly designated the administrative record," *Blue Ocean*, 503 F. Supp. 2d at 369, and the magistrate judge correctly noted that if Oceana wishes to challenge the completeness of that record, it "bears the burden of 'identify[ing] reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the [administrative] record.'" *Oceana*, 2009 WL 1491516, at *2 (quoting *Pac. Shores*, 448 F. Supp. 2d at 6).  Although the magistrate judge concluded that

---

[2] Plaintiff's reliance upon *Nat'l Courier Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 516 F.2d 1229 (D.C. Cir. 1975), appears misplaced.  (*See* Obj. at 11-12; Pl.'s Reply in Supp. of Obj. ("Reply") [Dkt. No. 27] at 4-10.)  The D.C. Circuit has since emphasized that predecisional and deliberative materials which have not been included in the administrative record are "immaterial" where, as here, agency action has been challenged as arbitrary and capricious and the plaintiff has not offered independent evidence of bad faith or improper behavior on the agency's part.  *In re Subpoena Duces Tecum*, 156 F.3d at 1279; *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (en banc) (denying request to supplement administrative record with predecisional transcripts that "record[ed] the frank deliberations of Commission members engaged in the collective mental processes of the agency," where petitioners "failed to make an independent showing [without reference to the transcripts themselves] that the Commission acted improperly or in bad faith"). *See also Blue Ocean*, 503 F. Supp. 2d at 372 (rejecting need to produce privilege log for deliberative documents because "[c]reating such a new burden on the agency, the parties and the court by forcing production of even a limited number of interagency deliberative documents requires a clear command from the court of appeals, particularly in light of the unequivocal statement by that court [in *In re Subpoena Duces Tecum*] that such materials are not a part of the administrative record when an agency decision is challenged as arbitrary and capricious").

Oceana "fail[ed] to proffer reasonable, non-speculative grounds for its opinions,"[3] *id.* at *7, Oceana nonetheless contends that it has provided sufficient reason to doubt the completeness of the record. Oceana points to the Agency's concession that it did not produce the predecisional and deliberative documents and argues that this concession is sufficient to provide "'reasonable, non-speculative grounds' for believing that the record was incomplete." (Reply at 10.) Not so. As discussed, agencies need not place predecisional and deliberative material in the administrative record, so their absence from the record does not mean that the record is "incomplete."[4]

Oceana also suggests that the magistrate judge erred in finding that the Agency's decisionmakers did not consider certain predecisional and deliberative documents that were previously produced to Oceana pursuant to a FOIA request. (Obj. at 20-24.) The magistrate judge's findings are not clearly erroneous. While Oceana's FOIA request may have focused on "technical and factual documents related to" the Agency's chosen methodology (*id.* at 22), the fact remains that the FOIA request merely sought five categories of documents "related" or

---

[3] The quoted passages demonstrate that there is no merit to Oceana's argument that the magistrate judge applied the wrong legal standard by failing to "evaluate[] whether Oceana identified 'reasonable, non-speculative grounds' for its assertions that the agency failed to include documents in the record." (Obj. at 13 (quoting *Novartis Pharms. Corp. v. Shalala*, No. 99-CV-323, 2000 WL 1769589, at *4 (D.D.C. Nov. 27, 2000) (Kay, M.J.)).

[4] Accordingly, the Court is not persuaded by Oceana's argument that certain references in the administrative record "strongly suggest[]" that the Agency did in fact consider certain supporting materials when making its final decision. (Obj. at 19.) As examples, Oceana cites drafts, analyses, research, and other documents that are not in the record but which, Oceana presumes, led to the creation of a methodological report and an Agency advisory memorandum that are part of the record. (*Id.* (citing Mot. to Compel, Ex. 1 at 4-5 (items in Rows 1 and 5).) The Agency responded by characterizing the absent documents as "Predecisional/Deliberative." (*See* Mot. to Compel, Ex. 1 at 4-5.) Oceana has not provided anything further to cast doubt upon the Agency's characterization, and without more, plaintiff cannot prevail in its suggestion that these documents were considered. *See San Luis Obispo Mothers for Peace*, 789 F.2d at 44-45 ("Petitioners must make the requisite showing *before* we will look at the [predecisional] transcripts. We will not examine the transcripts to determine if we may examine the transcripts.").

"relating" to the proposed methodology. (*See* Pl.'s Reply Mem. in Supp. of Its Mot. to Compel [Dkt. No. 19], Ex. 13 ["FOIA Request"] at 1, 2.) Given the breadth of the phrase "related to," the magistrate judge correctly observed that "the set of documents responsive to the FOIA request is conceivably broader than the set of documents considered by the Agency and made a part of its Administrative Record." *Oceana*, 2009 WL 1491516, at *6. Just because predecisional and deliberative documents may have been responsive to Oceana's broad FOIA request does not mean that the Agency's decisionmakers considered those documents when deciding to approve the methodology at issue here. *See TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) ("[P]laintiff's argument that working edits should have been included in the administrative record appears to confuse the administrative record – the record the agency relied upon in its final action – with FOIA's emphasis on every scrap of paper that could or might have been created."); *Pac. Shores*, 448 F. Supp. 2d at 7 ("[T]he Corps is not obligated to include every potentially relevant document existing within its agency. Only those documents that were directly or indirectly considered by the Corps' decisionmaker(s) should be included in the administrative record.").

Accordingly, the Court concludes that the magistrate judge's ruling was neither contrary to law nor clearly erroneous with respect to the predecisional and deliberative documents.

## III. THE ATTORNEY-CLIENT DOCUMENTS

Oceana contends that the magistrate judge applied the incorrect legal standard "for determining whether a communication from an attorney to a client is attorney-client privileged." (Reply at 11; *see also* Obj. at 24-26.) Specifically, Oceana argues that although the D.C. Circuit stated in *In re Sealed Case* that the party asserting the privilege "must demonstrate with reasonable certainty that the lawyer's communication rested in significant and inseparable part

7

on the client's confidential disclosure," 737 F.2d 94, 99 (D.C. Cir. 1984) (internal citations omitted), the Order concluded only that the attorney documents were covered by the privilege "because they involve confidential communications for the purpose of securing legal advice." *Oceana*, 2009 WL 1491516, at *7. (*See* Reply at 11.) The Court is not persuaded because plaintiff's argument ignores the context for the quoted passage.[5] It is clear from the Order that the magistrate judge understood the principles governing the application of the privilege to the Agency documents that he reviewed *in camera*. Therefore, the Court concludes that the Order was not contrary to law with respect to the attorney-client documents.

## CONCLUSION

For the aforementioned reasons, the Court rejects plaintiff's objections and affirms the magistrate judge's order.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: July 13, 2009

cc: Magistrate Judge Alan Kay

---

[5] Notably, the magistrate judge cited to the portions of Patricia Kurkul's declaration which specify that the opinions in these documents were based in part on "confidential information shared by [her] staff" (Kurkul Decl. ¶ 8), noted the Agency's provision of "'its own confidential information to its Agency counsel for the purpose of seeking his legal advice,'" and discussed the Agency's distinction of *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C. Cir. 1980), cited by plaintiff, because that case did not involve any "confidential information conveyed by the agency for the purpose of seeking legal advice . . . ." *Oceana*, 2009 WL 1491516, at *6-*7 (quoting Agency opposition to motion to compel).